UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP CARSON and MEREDITH CARSON,

      Plaintiffs,

v.

THOMAS LANDIS d/b/a LAW OFFICE OF THOMAS LANDIS,

      Defendant.

                                   /

Case No. 1:09-cv-489

Hon. Gordon J. Quist

## ANSWER TO COMPLAINT AND DEFENSES

NOW COMES Defendant, by and through his attorneys, Varnum, Riddering, Schmidt & HowlettLLP, and answers Plaintiff's Complaint as follows:

**1.  Introduction**

1.  This is an action for damages and declaratory relief, brought against a debt collector in response to the debt collector's abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.,* and/or the Michigan Occupational Code ("MOC") M.C.L. § 339.901 *et seq.*

**ANSWER:** Defendant denies that it engaged in abusive, deceptive and/or unfair debt collection practices in violation of the statutes cited. Recordings provided to Defendant by Plaintiffs show that Plaintiffs' collector was courteous, respectful, and complied with federal and state debt collection laws.

**II.  Jurisdiction**

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiffs' state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

**ANSWER:** Neither admitted nor denied, and Plaintiffs are left to their proofs.

**III.   Parties**

3.   Plaintiff Phillip Carson is a natural person residing in Barry County, Michigan. Mr. Carson is the husband of plaintiff Meredith Carson. Mr. Carson is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Mr. Carson is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MCPA and/or MOC.

**ANSWER:** Neither admitted nor denied, as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

4.   Plaintiff Meredith Carson is a natural person residing in Barry County, Michigan. Mrs. Carson is the wife of plaintiff Phillip Carson. Mrs. Carson is a "person" as the term is defined and/or used in the FDCPA. Mrs. Carson is a "person" as the term is defined and/or used in the MCPA and/or MOC.

**ANSWER:** Neither admitted nor denied, as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

5.   Defendant Thomas Landis is an individual, doing business under the assumed name of Law Office of Thomas Landis. Mr. Landis purportedly does business at Four Greenwood Square, Suite 220, 3325 Street Road, Bensalem, Pennsylvania 19020. Mr. Landis is licensed to practice law in the State of Pennsylvania. Mr. Landis is not licensed to practice law in the State of Michigan. Mr. Landis uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr. Landis regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Landis is a "debt collector" as the term is defined and/or used in the FDCPA. Mr. Landis is a "regulated person" as the term is defined and used in the MCPA. Alternatively, Mr. Landis is a "collection agency" and a "licensee" as the terms are defined and used in MOC.

**ANSWER:** Defendant admits the allegations regarding his name, address, and where he is licensed to practice law. Defendant neither admits nor denies the remaining allegations, as they state legal conclusions.

IV.  **Facts**

6.  Mr. Carson has a credit account (No. 1574176) with Conseco Finance. Mr. Carson used the account to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MCPA.

**ANSWER:** Neither admitted nor denied, as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7.  In 2000, Mr. Carson defaulted on the account and related debt.

**ANSWER:** Defendant admits Mr. Carson defaulted on an account. The allegation the default occurred in 2000 is neither admitted nor denied, as Defendant currently lacks knowledge or information as to the truth of that allegation.

8.  It has been eight years or more since Mr. Carson has made any payment on the account and related debt.

**ANSWER:** Neither admitted nor denied, as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

9.  The debt is no longer judicially enforceable by operation of the applicable statute of limitation. Stated differently, the debt is "time-barred."

**ANSWER:** Denied. Upon information and belief, and as alleged in paragraph 7 of Plaintiffs' Complaint, Mr. Carson has defaulted on an account, and the debt is believed to be approximately $24,000.00. Mr. Carson has apparently failed or refused to pay this legitimate debt for several years. If the creditor on whose behalf Defendant attempted to collect the debt were to file suit against Mr. Carson in state court to collect the debt, pursuant to MCR 2.111(F)(3)(a), Mr. Carson would be required to state in his responsive pleadings the affirmative defenses identified in MCR 2.111(F)(3)(a), including the statute of limitations. Defenses not asserted in a responsive pleading or by motion as provided by the Michigan Court Rules are waived. MCR 2.111(F)(2).

10.  Mr. Carson disputes the debt.

**ANSWER:** Denied. Plaintiffs have provided Defendant with partial recordings of

conversations between Mrs. Carson and Defendant's collector and at no time did Mrs. Carson deny that Mr. Carson owed the debt. On one of the recordings, Mrs. Carson stated that she believed the debt related to a trailer Mr. Carson once owned, and did not deny that he owed the debt.

11. Mr. Carson refuses to pay the debt.

**ANSWER:** Neither admitted nor denied, as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations. The recordings provided to Defendant by Plaintiff were recordings of conversations between Mrs. Carson and Defendant's collector, and did not include any conversations between Mr. Carson and the collector. Mr. Carson has not told Defendant that he refuses to pay the debt, and Mrs. Carson did not deny that her husband owed the debt, although the debt has never been paid.

12. Cavalry Portfolio Services, LLC ("Cavalry") is a Delaware limited liability company, headquartered at 7 Skyline Drive, Hawthorne, New York, 10532. According to its website (www.cavalryinvestments.com), "Cavalry Investments, LLC is a purchaser of distressed consumer portfolios. Portfolios acquired by Cavalry Investments, LLC are collected by [its affiliate] Cavalry Portfolio Services, LLC. . ."

**ANSWER:** Neither admitted nor denied, as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

13. Cavalry typically pays less than five cents on the dollar for delinquent consumer debt.

**ANSWER:** Neither admitted nor denied, as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Cavalry claims to have purchased Mr. Carson's time-barred debt.

**ANSWER:** Neither admitted nor denied, as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

15. Cavalry hired Mr. Landis to collect Mr. Carson's time-barred debt.

**ANSWER:** Denied. See response to paragraph 9. Defendant admits that it has been engaged to collect the debt.

16. Cavalry hired Mr. Landis to collect Mr. Carson's time-barred debt, by sending a letter on attorney letterhead and create the illusion that Mr. Landis might sue Mr. Carson to collect the debt, even though the debt is time-barred and even though Mr. Landis is not licensed to practice law in Michigan.

**ANSWER:** Admitted that Mr. Landis is not licensed to practice law in Michigan, but Mr. Landis never represented that he would sue Mr. Carson in Michigan. Defendant admits he attempted to collect the debt owed by Mr. Carson, and that a letter containing a validation notice was sent to Mr. Carson. The remaining allegations are denied.

17. In April 2009, Mr. Landis and/or his debt collector employees began to contact the Carsons by [sic] in efforts to collect the debt.

**ANSWER:** Admitted.

18. In April 2009, a debt collector employee of Mr. Landis spoke by telephone with Mrs. Carson in efforts to collect the debt. In the ensuing conversation, the Landis employee falsely represented that derogatory information regarding the debt was being reported on Mr. Carson's credit history by the consumer reporting agencies. The Landis employee falsely represented that if Mr. Carson would pay the debt, then Mr. Carson could turn the debt from a negative to a positive on his credit report. The Landis employee falsely represented or implied that Mr. Carson might be sued to collect the time-barred debt.

**ANSWER:** Defendant admits that its collector spoke with Mrs. Carson. The remainder of the allegation is denied.

19. The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(l).

**ANSWER:** This allegation states a legal conclusion and the referenced statute speaks for itself. To the extent a response is required, the allegation is neither admitted nor denied and Plaintiffs are

left to their proofs.

20. The Landis employee falsely represented to Mrs. Carson the length of time for which derogatory information regarding the disputed debt could remain on Mr. Carson's consumer report.

**ANSWER:** Denied.

21. The unlawful debt collection methods, acts and practices of Mr. Landis and his employees were done willful [sic].

**ANSWER:** Denied.

22. Mr. Landis and his employees willfully violated the FDCPA, MCPA and MOC.

**ANSWER:** Denied.

23. As an actual and proximate result of the acts and omissions of Mr. Landis and its employees, plaintiffs have suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which they should be compensated in an amount to be established by jury and at trial.

**ANSWER:** Denied.

**V.    Claims for Relief**

**Count 1— Fair Debt Collection Practices Act**

24. Plaintiffs incorporate the foregoing paragraphs by reference.

**ANSWER:** Defendant incorporates by reference its previous responses.

25. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

    a) Defendant violated 15 U.S.C. § 1 692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiffs in connection with the collection of a debt;

    b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

c)  Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**ANSWER:**  Denied as to all allegations.

**Wherefore,** plaintiffs seek judgment against defendant for:

a)  Actual damages pursuant to 15 U.S.C. § l692k(a)(l);

b)  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1 692k(a)(3);
d)  A declaration that defendant's practices violate the FDCPA; and

e)  Such further relief as the court deems just arid proper.

**ANSWER:**  Defendant denies that Plaintiffs are entitled to the relief requested. Defendant requests that this Court dismiss Plaintiffs' complaint, award Defendant costs and attorney fees, and grant Defendant such other relief as may be appropriate.

## Count 2— Michigan Collection Practices Act

26.  Plaintiffs incorporate the foregoing paragraphs by reference.

**ANSWER:**  Defendant incorporates by reference its previous responses.

27.  Defendant has violated M.C.L. § 445.251 *et seq.*. Defendant's violations include, but are not necessarily limited to, the following:

a)  Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)  Defendant violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c)  Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

**ANSWER:**  Denied as to all allegations.

**Wherefore,** plaintiffs seek judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 445.257(2);

b) Treble the actual damages pursuant to M.C.L. § 445.257(2);

c) Statutory damages pursuant to M.C.L. § 445.257(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2).

**ANSWER:** Defendant denies that Plaintiffs are entitled to the relief requested. Defendant requests that this Court dismiss Plaintiffs' complaint, award Defendant costs and attorney fees, and grant Defendant such other relief as may be appropriate.

### Count 3 — MCL § 339.901 *et seq.*

28  Plaintiffs incorporate the foregoing paragraphs by reference.

**ANSWER:** Defendant incorporates by reference its previous responses.

29.  Defendant has violated MCL § 339.901 *et seq.* Defendant's violations include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(1) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**ANSWER:** Denied as to all allegations.

**Wherefore,** plaintiffs seek judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.9 16(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**ANSWER:** Defendant denies that Plaintiffs are entitled to the relief requested. Defendant requests that this Court dismiss Plaintiffs' complaint, award Defendant costs and attorney fees, and grant Defendant such other relief as may be appropriate.

Dated: June 17, 2009

VARNUM

By: /s/ Randall J. Groendyk
Randall J. Groendyk (P37196)
Business Address and Telephone:
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
Fax: (616) 336-7000
rjgroendyk@varnumlaw.com

## DEFENSES

NOW COMES the Defendant, by and through its attorneys, Varnum, Riddering, Schmidt & HowlettLLP, and states its defenses as follows:

1. Defendant has complied with all federal and state consumer protection and debt collection laws.

2. Plaintiffs have failed to state a claim upon which relief may be granted.

3. Defendant is not responsible for acts alleged because any alleged violation (if one or more are found to have occurred) were unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures recently adapted to avoid any such errors.

4. Plaintiffs have suffered no compensable damages.

5. At all times relevant herein, Defendant acted in good faith reliance on the information provided to it by Plaintiffs' original creditor.

6. Defendant reserves the right to assert such additional defenses as may be identified and supported by discovery conducted throughout the course of this litigation.

WHEREFORE, Defendant requests that this Honorable Court dismiss Plaintiffs' complaint, award Defendant costs and attorney fees, and grant Defendant such other and further relief as may be appropriate.

Dated: June 17, 2009

VARNUM

By: /s/ Randall J. Groendyk
    Randall J. Groendyk (P37196)
Business Address and Telephone:
    Bridgewater Place, P.O. Box 352
    Grand Rapids, MI 49501-0352
    (616) 336-6000
    Fax: (616) 336-7000
    rjgroendyk@varnumlaw.com

2716546_1.DOC